1   Rian W. Jones, Esq. (SBN 118830)
    Lori F. Chotiner, Esq. (SBN 184990)
2   EPSTEN GRINNELL & HOWELL, APC
    9980 Carroll Canyon Rd., Ste. 200
3   San Diego, California 92131
    (858) 527-0111/FAX (858) 527-1531
4
    rjones@epsten.com
5   lchotiner@epsten.com

6   Attorneys for Plaintiff, Susan Trindle dba Xolo
    Properties, LLC, a California Limited Liability
7   Corporation

8                  UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      SOUTHERN DIVISION

11  Susan Trindle dba Xolo Properties, LLC, a      CASE NO. SACV09-325 AG ( MLGx )
    California Limited Liability Corporation,
12
                    Plaintiff,
13                                                  COMPLAINT
            v.
14                                                  PLAINTIFF DEMANDS TRIAL BY JURY
    Flying Emu, LLC a Georgia Limited
15  Liability Company, Kathryn Nesbitt aka Kat
    Nesbitt, an individual, Laurel Langemeier,
16  an individual, Melinda Mason-Allaun, an
    individual,
17
                    Defendants.
18                                                  Trial Date:        None set
19

20

21          Comes now plaintiff, Susan Trindle dba Xolo Properties, LLC, a California Limited

22  Liability Corporation, and, demanding trial by jury, alleges as follows:

23  / / /

24

25

26

27

28

**PARTIES AND JURISDICTION**

1.    At all times hereinafter alleged, plaintiff was and is a resident of San Juan Capistrano, California.

2.    Defendant Flying Emu, LLC ("Flying Emu") is a limited liability corporation incorporated under the laws of the State of Georgia and has its main office at P.O. Box 24248, St. Simons Island, Georgia.

3.    Defendant Kathryn Nesbit aka Kat Nesbitt ("Nesbitt") is an individual and a resident of the State of Georgia.

4.    Defendant Laurel Langemeier ("Langemeier") is an individual and a resident of the State of Nevada.

5.    Defendant Melinda Mason-Allaun ("Mason-Allaun") is an individual and a resident of the State of Florida.

6.    Plaintiff is informed and believes, and thereon alleges that Nesbitt, Langemeier and Mason-Allaun, are members, shareholders, officers and/or managers of defendant Flying Emu.

7.    In doing the things alleged herein, defendants, and each of them, acted as the agent of and with full authority for the other defendants, and each of them, and/or the defendants, and each of them, ratified the acts of the other defendants.

8.    This jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332.

**ALTER EGO ALLEGATIONS**

9.    Plaintiff alleges paragraphs 11 through 13 on information and belief:

10.    Since the date of its organization, Flying Emu has been a mere shell and alter ego of Nesbitt, Langemeier and Mason-Allaun.

11.    Since the date of its organization, Flying Emu and its members, shareholders, officers, and managers including Nesbitt, Langemeier and Mason-Allaun, have failed to observe the requisite limited liability company formalities, including, but not limited to:   (a) Failing to maintain and treat the limited liability company as a separate entity from the members, shareholders, officers and managers, including Nesbitt, Langemeier and Mason-Allaun;   (b) Failing to segregate the assets of Flying Emu from those of Nesbitt, Langemeier

1  and Mason-Allaun;   (c) Treatment of limited liability company assets as if they were the

2  private assets of the members, shareholders, officers, and managers, Nesbitt, Langemeier and

3  Mason-Allaun;   (d) Failing to observe the requisite limited liability company formalities,

4  including failure to conduct annual member meeting, failure to conduct regular board

5  meetings, and failing to maintain an entity minute book;   (e) Failure to adequately capitalize

6  Flying Emu resulting in the undercapitalization of Flying Emu;   (f) Concealment and

7  diversion of limited liability company assets to the detriment of creditors of Flying Emu,

8  including the plaintiff; and,  (g) The members, shareholders, officers and managers of Flying

9  Emu, including Nesbitt, Langemeier and Mason-Allaun, have held themselves out as being

10  personally liable for the damages alleged in this complaint.

11      12.    As a result of the undercapitalization, mishandling, diversion and concealment of

12  entity assets by Nesbitt, Langemeier and Mason-Allaun, all to the detriment of plaintiff, Flying

13  Emu is unable to pay the damages herein alleged.

14      13.    Under such circumstances, Plaintiff should be entitled to ignore the liability

15  protection normally afforded to members, shareholders, officers and managers of a limited

16  liability company from the Court to enforce any Judgment granted to her in this Action by

17  execution against the assets of Nesbitt, Langemeier and Mason-Allaun.

18      14.    Plaintiff prays for an order of this Court adjudicating that Flying Emu is the alter

19  ego of defendants Nesbitt, Langemeier and Mason-Allaun, extinguishing the liability

20  protections normally afforded to members, shareholders, officers and managers of bona fide

21  limited liability companies and holding defendants Nesbitt, Langemeier and Mason-Allaun

22  personally liable for any judgment entered against Flying Emu in this action.

23  **FACTUAL ALLEGATIONS**

24      15.    In 2006 to 2007, Plaintiff began to attend seminars presented by Langemeier who

25  does business as "Live Out Loud."  These seminars discuss how to make money off real estate

26  investments, and encourage participants to buy cheap rental housing, and then encumber it to

27  make money.

28  ///

620745v1

1   16.   In September, 2006, plaintiff attended a seminar in Bentonville, Arkansas, where

2   Langemeier was the featured speaker.  At that seminar, Ed and Sue Walker, who billed

3   themselves as "managers" for Langemeier, solicited attendees to view duplexes.  Plaintiff then

4   paid for two other types of sessions, a "Blitz" and a "coaching session."  At the Blitz, the

5   organizers offered services (such as how to organize LLC's and market them for investment.)

6   17.   In April 2007, plaintiff attended a "Big Table" seminar, where Langemeier's

7   "instructors" gave financial advice.  At this event, plaintiff met Nesbitt.  Plaintiff traveled to

8   Georgia to investigate a possible investment in a self-storage project and met with Nesbitt

9   while in Georgia.

10   18.   In June 2007, plaintiff again traveled to Georgia where Nesbitt showed her multiple

11   Georgia rental properties that Langemeier, Nesbitt and Mason-Allaun had purchased from an

12   individual named Lloyd Crum ("Crum").  Nesbitt told plaintiff that Limited Liability

13   Corporations organized by Langemeier, Nesbitt and Mason-Allaun had purchased and held

14   title to the Crum properties, including Flying Emu.

15   19.   Nesbitt represented to plaintiff that Flying Emu was having trouble with Crum

16   because Crum refused to give a partial release of the first deed of trust Crum held on one of the

17   Crum properties that Flying Emu was trying to sell.

18   20.   Nesbitt solicited and plaintiff agreed to loan the sum of $50,000.00 to Flying Emu,

19   to be secured by a second deed of trust on the first Crum property, if Flying Emu would put

20   together a plan to resolve the problems with the first deed of trust.  Nesbitt told plaintiff that if

21   plaintiff would lend the money, Flying Emu would be able to cure the default on the Crum

22   loan, rehabilitate the properties and sell them.

23   21.   Plaintiff determined that the first Crum property offered by Flying Emu as security

24   for the second trust deed was already encumbered by a second trust deed.  Upon notifying

25   Nesbitt of this fact, Nesbitt, on behalf of Flying Emu, presented a second Crum property in its

26   place to secure the loan; 715 Reynolds Street, Brunswick, Glynn County, Georgia ("subject

27   property").

28   ///

22.    Nesbitt represented to plaintiff that the subject property was a sound investment, had sufficient rental income to cover both the first and second trust deeds, and would appreciate in value.

23.    On July 30, 2007, Nesbitt, in her capacity as manger for Flying Emu, executed a promissory note in favor of plaintiff for the amount of $50,000.00 with interest at 15% per annum.  Plaintiff then loaned the sum of $50,000.00 to Flying Emu and Nesbitt executed a second trust deed on July 30, 2007, securing the promissory note, which was recorded on August 28, 2007.  A true and correct copy of this second trust deed, which sets forth the terms of the promissory note, is attached hereto as EXHIBIT A.

24.    The term of the promissory note was one year and it became due and payable on July 30, 2008.

25.    On June 15, 2008, Crum foreclosed on his first trust deed on the subject property because Flying Emu had not made the payments due on that indebtedness.

26.    Plaintiff became aware of the foreclosure and contacted Nesbitt for an explanation. Nesbitt told plaintiff that it was just a misunderstanding, and Nesbitt reassured plaintiff that the valuation and income information provided to her at the time Nesbitt induced plaintiff to make the loan had been correct.

27.    Crum did in fact foreclose on the subject property as the holder of the first trust deed, effectively extinguishing the security interest held by plaintiff in the subject property. Nevertheless, the promissory note still entitles plaintiff to be repaid, with interest, by defendants.

28.    Plaintiff has made demand on defendants to repay the promissory note and defendants have refused to repay the debt.

### COUNT 1: BREACH OF CONTRACT AGAINST ALL DEFENDANTS

29.    Plaintiff hereby realleges the allegations of paragraphs 1 through 29 and incorporates them herein as if fully set forth at this point.

30.    Plaintiff and defendants entered into a valid contract wherein plaintiff agreed to loan to the defendants the sum of $50,000.00 for the term of one year from July 30, 2007 to

620745v1

5

1    July 30, 2008, with interest at the rate of 15% per annum. Said loan was to be secured by a

2    second trust deed on the subject property. Defendants agreed to repay the loan, with interest.

3        31.    Plaintiff has performed all of the obligations and responsibilities under the contract

4    in that she did in fact loan the sum of $50,000.00 to the defendants and secured that debt with

5    a second trust deed on the subject property.

6        32.    Defendants have breached the contract by failing to repay the sum due, plus

7    interest, on the date the sum was due, and; by failing to protect the subject property from

8    foreclosure by failing to make payments on the first deed of trust.

9        33.    As a direct and proximate result of defendants' breach, plaintiff has been damaged

10   in the amount of $50,000.00, plus interest at 15% per annum.

11                **COUNT 2: FRAUD AND/OR DECEIT AGAINST ALL DEFENDANTS**

12       34.    Plaintiff hereby realleges the allegations of paragraphs 1 through 34 and

13   incorporates them herein as if fully set forth at this point.

14       35.    Nesbitt, on behalf of Flying Emu, presented the subject property to plaintiff as a

15   sound investment in order to induce her to loan $50,000.00 to the defendants. Nesbitt

16   represented to plaintiff that the subject property had sufficient rental income to cover both the

17   first and second trust deeds, and would appreciate in value.

18       36.    When Nesbitt made these representations, they were in fact false, and Nesbitt knew

19   them to be false. Further, Nesbitt made these false representations with the intent to induce

20   plaintiff to loan the sum of $50,000.00 to the defendants. Langemeier and Mason-Allaun

21   consented to and/or ratified the false representations made by Nesbitt in order to secure the

22   loan from plaintiff.

23       37.    The true facts were that the subject property did not generate sufficient rental

24   income to make the payments on the first deed of trust, its value was less than that represented

25   to plaintiff and it did not appreciate in value.

26       38.    Based on Nesbitt's false representations, plaintiff did in fact loan the sum of

27   $50,000.00 to the defendants, which sum defendants have failed to repay.

28   ///

620745v1

39.     Had plaintiff known the true facts, she would not have loaned the money to the defendants.

40.     As a direct and proximate result of defendants' fraud, plaintiff has not only suffered the loss of $50,000.00, plus interest at the rate of 15% per annum, but has also suffered and will continue to suffer severe emotional distress.

41.     As a direct and proximate result of the fraudulent misrepresentations of the defendants, plaintiff incurred special damages in the amount of $50,000.00, plus interest at the rate of 15% per annum and general damages for emotional distress in an amount of at least $100,000.00, to be proven at the time of trial.

42.     Defendants, in doing the things alleged herein, acted with malice, oppression and fraud, with a conscious disregard for the rights of the plaintiff, subjecting them to punitive damages.

**WHEREFORE**, Plaintiff prays for relief as follows:

COUNT 1:

1. For damages in the amount of $50,000.00, plus interest at the rate of 15% per annum from July 30, 2007;

COUNT 2:

2. For special damages in the amount of $50,000.00, plus interest at the rate of 15% per annum from July 30, 2007;

3. For general damages in the amount of at least $100,000.00 in an amount to be proven at the time of trial;

4. For punitive damages of at least $350,000.00, to be established at trial in order to punish the defendants and to deter them and others from engaging in the same or similar bad acts;

ON ALL COUNTS:

5. For an order adjudicating that Flying Emu, LLC is the alter ego of the defendants, and each of them; that the defendants are personally liable for the acts of Flying Emu, LLC, and; that judgment be entered against each defendant, individually;

620745v1

1    6.  For costs of suit herein, and;

2    7.  For such other relief as the court may grant.

3

4    Dated:  March 13, 2009              EPSTEN GRINNELL & HOWELL, APC

5

6                                        By: _____

7                                             Rian W. Jones, Esq.
                                             Lori F. Chotiner, Esq.
8                                             Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

620745v1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Susan Trindle dba Xolo Properties, LLC, a California Unlimited Liability Corporation | Flying Emu, LLC a California Limited Liability Company, Kathryn Nesbitt aka Kat Nesbitt, an individual, Laurel Langemeier, an individual, Melinda Mason-Allaun, an individual |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Rian W. Jones, Esq. (SBN 118830)/Lori Chofiner, Esq. (SBN 184990) Epsten Grinnell & Howell / 858-527-0111 fax: 858-527-1531 9980 Carroll Canyon Road, Suite 200 San Diego, CA 92131 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ 500,000.00.

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract and Fraud

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV09 -325 AG (MLGx)**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Susan Trindle dba Xolo Properties, LLC, a California Limited Liability Corporation - ORANGE COUNTY | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Flying Emu, LLC, a Georgia Limited Liability Company (PLEASE SEE ATTCHMENT) | Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 3/13/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET – ATTACHMENT**

IV. **VENUE**

(c) **Kathryn Nesbitt aka Nat Nesbitt, an individual**          **Georgia**
   **Laurel Langemeier, an individual**                                **Georgia**
   **Melinda Mason-Allaun, an individual**                        **Florida**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV09- 325 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Susan Trindle dba Xolo Properties, LLC, a California Limited Lilability Corporation, PLAINTIFF(S) v. Flying Emu, LLC a Georgia Limited Liability Company, Kathryn Nesbitt aka Kat Nesbitt, an individual, Laurel Langemeier, an individual, Melinda Mason-Allaun, an individual DEFENDANT(S). | CASE NUMBER **SACV09 -325 AG (MLGx)** SUMMONS |

TO:     DEFENDANT(S): _____   _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Rian W. Jones, Esq._____, whose address is 9980 Carroll Canyon Road, Suite 200, San Diego, CA  92131_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAR 1 6 2009__

By: ____DODJIE GARGANTOS____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*