Rian W. Jones, Esq. (SBN 118830)
Lori F. Chotiner, Esq. (SBN 184990)
EPSTEN GRINNELL & HOWELL, APC
9980 Carroll Canyon Rd., Ste. 200
San Diego, California 92131
(858) 527-0111/ Fax (858) 527-1531
rjones@epsten.com / lchotiner@epsten.com

Attorneys for Plaintiff, Susan Trindle dba Xolo
Properties, LLC, a California Limited Liability
Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Susan Trindle dba Xolo Properties, LLC, a California Limited Liability Corporation, | CASE NO. SACV09-325 AG (MLGx) |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| v. | PLAINTIFF DEMANDS TRIAL BY JURY |
| Flying Emu, LLC a Georgia Limited Liability Company; Kathryn Nesbit aka Kat Nesbit, an individual; Loral Langemeier, an individual; Melinda Mason-Allaun, an individual; BHAG @EARTHCORP, LLC, Georgia Limited Liability Company; PSP Real Estate Investments, LLC, Nevada Limited Liability Company; and Pangea Properties, LLC, a Florida Limited Liability Company, | Trial Date:         None set |
| Defendants. | |

Comes now plaintiff, Susan Trindle dba Xolo Properties, LLC, a California Limited Liability Corporation, and, demanding trial by jury, alleges as follows:

## PARTIES AND JURISDICTION

1.     At all times hereinafter alleged, plaintiff was and is a resident of San Juan Capistrano, California.

/ / /

/ / /

1    2.    Defendant Flying Emu, LLC ("Flying Emu") is a limited liability corporation

2    incorporated under the laws of the State of Georgia and has its main office at P.O. Box 24248,

3    St. Simons Island, Georgia.

4    3.    Defendant Kathryn Nesbit aka Kat Nesbit ("Nesbit") is an individual and a resident

5    of the State of Georgia, and is the managing member of Flying Emu, LLC, and

6    BHAG@EARTHCORP, LLC.

7    4.    Defendant Loral Langemeier ("Langemeier") is an individual and a resident of the

8    State of Nevada, and is the managing member of PSP Real Estate Investments LLC.

9    5.    Defendant Melinda Mason-Allaun ("Mason-Allaun") is an individual and a resident

10    of the State of Florida, and is the managing member of Pangea Properties, LLC.

11    6.    Defendant BHAG@EARTHCORP, LLC ("BHAG") is a limited liability

12    corporation incorporated under the laws of the State of Georgia and has its main office at 105

13    Ledbetter Drive, St. Simons Island, Georgia.

14    7.    Defendant PSP Real Estate Investments LLC ("PSP") is a limited liability

15    corporation incorporated under the laws of the State of Nevada, and has its main office at 6440

16    Sky Point Dive, Suite 140-106, Las Vegas, Nevada.

17    8.    Defendant Pangea Properties, LLC ("Pangea") is a limited liability company

18    incorporated under the laws of the State of Florida and has its main office at 4300 N.W. 23rd

19    Avenue, Suite 525, Gainesville, Florida.

20    9.    Plaintiff is informed and believes, and thereon alleges, that BHAG, PSP, and

21    Pangea, are members, shareholders, officers and/or managers of defendant Flying Emu. Each

22    of the individuals named herein above are the managing members of their respective limited

23    liability companies, as set forth above.

24    10.    In doing the things alleged herein, defendants, and each of them, acted as the agent

25    of and with full authority for the other defendants, and each of them, and/or the defendants,

26    and each of them, ratified the acts of the other defendants.

27    11.    This jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332.

28    / / /

SECOND AMENDED COMPLAINT

740663v1

## ALTER EGO ALLEGATIONS

12.    Plaintiff alleges paragraphs 14 through 20 on information and belief:

13.    Since the date of its organization, Flying Emu has been a mere shell and alter ego of Nesbit, Langemeier, and Mason-Allaun.  Though Nesbit, Langemeier and Mason-Allaun each formed limited liability companies, BHAG, PSP, and Pangea, to act as the members, shareholders, officers and/or managers of defendant Flying Emu, Plaintiff is informed and believes, and thereon alleges, that BHAG, PSP, and Pangea, are mere shells and alter egos of Nesbit, Langemeier, and Mason-Allaun.

14.    Plaintiff is informed and believes that at all times herein mentioned there existed a unity of interest and ownership between Defendant Nesbit and Defendant BHAG, such that any individuality and separateness between these Defendants ceased to exist, and that Defendant BHAG is the alter egos of Defendant Nesbit, in that Defendant BHAG is, and at all times herein mentioned was, a mere shell and sham without capital or assets.  Defendant BHAG was conceived, intended and used by Defendant Nesbit as a device to avoid individual liability and for the purpose of substituting a financially insolvent limited liability company in place of Defendant Nesbit.

15.    Plaintiff is informed and believes that at all times herein mentioned there existed a unity of interest and ownership between Defendant Langemeier and Defendant PSP, such that any individuality and separateness between these Defendants ceased to exist, and that Defendant PSP is the alter ego of Defendant Langemeier, in that Defendant PSP is, and at all times herein mentioned was, a mere shell and sham without capital or assets.  Defendant PSP was conceived, intended and used by Defendant Langemeier as a device to avoid individual liability and for the purpose of substituting a financially insolvent limited liability company in place of Defendant Langemeier.

16.    Plaintiff is informed and believes that at all times herein mentioned there existed a unity of interest and ownership between Defendant Mason-Allaun and Defendant Pangea, such that any individuality and separateness between these Defendants ceased to exist, and that Defendant Pangea is the alter ego of Defendant Mason-Allaun, in that Defendant Pangea is,

SECOND AMENDED COMPLAINT

740663v1

1    and at all times herein mentioned was, a mere shell and sham without capital or assets.

2    Defendant Pangea was conceived, intended and used by Defendant Mason-Allaun as a device

3    to avoid individual liability and for the purpose of substituting a financially insolvent limited

4    liability company in place of Defendant Mason-Allaun.

5        17.    Since the date of its organization, Flying Emu and its members, shareholders,

6    officers, and managers including Nesbit, Langemeier, and Mason-Allaun, have failed to

7    observe the requisite limited liability company formalities, including, but not limited to:

8    (a) Failing to maintain and treat the limited liability company as a separate entity from the

9    members, shareholders, officers and managers, including Nesbit, Langemeier, and Mason-

10   Allaun;  (b) Failing to segregate the assets of Flying Emu from those of Nesbit, Langemeier,

11   and Mason-Allaun;  (c) Treatment of limited liability company assets as if they were the

12   private assets of the members, shareholders, officers, and managers, Nesbit, Langemeier, and

13   Mason-Allaun;  (d) Failing to observe the requisite limited liability company formalities,

14   including failure to conduct annual member meeting, failure to conduct regular board

15   meetings, and failing to maintain an entity minute book;  (e) Failure to adequately capitalize

16   Flying Emu resulting in the undercapitalization of Flying Emu;  (f) Concealment and

17   diversion of limited liability company assets to the detriment of creditors of Flying Emu,

18   including the plaintiff; and,  (g) The members, shareholders, officers and managers of Flying

19   Emu, including Nesbit, Langemeier, and Mason-Allaun, have held themselves out as being

20   personally liable for the damages alleged in this complaint.

21       18.    As a result of the undercapitalization, mishandling, diversion and concealment of

22   entity assets by Nesbit, Langemeier, and Mason-Allaun, all to the detriment of plaintiff, Flying

23   Emu is unable to pay the damages herein alleged.

24       19.    Under such circumstances, Plaintiff should be entitled to ignore the liability

25   protection normally afforded to members, shareholders, officers and managers of a limited

26   liability company from the Court to enforce any Judgment granted to her in this Action by

27   execution against the assets of Nesbit, Langemeier, and Mason-Allaun.

28   / / /

740663v1

1    20.    Plaintiff prays for an order of this Court adjudicating that Flying Emu is the alter

2    ego of defendants Nesbit, Langemeier, and Mason-Allaun, extinguishing the liability

3    protections normally afforded to members, shareholders, officers and managers of bona fide

4    limited liability companies and holding defendants Nesbit, Langemeier, and Mason-Allaun

5    personally liable for any judgment entered against Flying Emu in this action.

6                                **FACTUAL ALLEGATIONS**

7    21.    In 2006 to 2007, Plaintiff began to attend seminars presented by Langemeier who

8    does business as "Live Out Loud." These seminars discuss how to make money off real estate

9    investments, and encourage participants to buy cheap rental housing, and then encumber it to

10   make money.

11   22.    In September, 2006, plaintiff attended a seminar in Bentonville, Arkansas, where

12   Langemeier was the featured speaker. At that seminar, Ed and Sue Walker, who billed

13   themselves as "managers" for Langemeier, solicited attendees to view duplexes. Plaintiff then

14   paid for two other types of sessions, a "Blitz" and a "coaching session." At the Blitz, the

15   organizers offered services (such as how to organize LLC's and market them for investment.)

16   23.    In April 2007, plaintiff attended a "Big Table" seminar, where Langemeier's

17   "instructors" gave financial advice. At this event, plaintiff met Nesbit. Plaintiff traveled to

18   Georgia to investigate a possible investment in a self-storage project and met with Nesbit

19   while in Georgia.

20   24.    In June 2007, plaintiff again traveled to Georgia where Nesbit showed her multiple

21   Georgia rental properties that Langemeier, Nesbit, and Mason-Allaun had purchased from an

22   individual named Lloyd Crum ("Crum"). Nesbit told plaintiff that Limited Liability

23   Corporations organized by Langemeier, Nesbit, and Mason-Allaun had purchased and held

24   title to the Crum properties, including Flying Emu.

25   25.    Nesbit represented to plaintiff that Flying Emu was having trouble with Crum

26   because Crum refused to give a partial release of the first deed of trust Crum held on one of the

27   Crum properties that Flying Emu was trying to sell.

28   / / /

SECOND AMENDED COMPLAINT

26.     Nesbit solicited and plaintiff agreed to loan the sum of $50,000.00 to Flying Emu, to be secured by a second deed of trust on the first Crum property, if Flying Emu would put together a plan to resolve the problems with the first deed of trust. Nesbit told plaintiff that if plaintiff would lend the money, Flying Emu would be able to cure the default on the Crum loan, rehabilitate the properties and sell them.

27.     Plaintiff determined that the first Crum property offered by Flying Emu as security for the second trust deed was already encumbered by a second trust deed. Upon notifying Nesbit of this fact, Nesbit, on behalf of Flying Emu, presented a second Crum property in its place to secure the loan; 715 Reynolds Street, Brunswick, Glynn County, Georgia ("subject property").

28.     Nesbit represented to plaintiff that the subject property was a sound investment, had sufficient rental income to cover both the first and second trust deeds, and would appreciate in value.

29.     On July 30, 2007, Nesbit, in her capacity as manger for Flying Emu, executed a promissory note in favor of plaintiff for the amount of $50,000.00 with interest at 15% per annum. Plaintiff then loaned the sum of $50,000.00 to Flying Emu and Nesbit executed a second trust deed on July 30, 2007, securing the promissory note, which was recorded on August 28, 2007. True and correct copies of the Note Secured by Real Estate and the second trust deed, which sets forth the terms of the promissory note, are attached hereto as EXHIBITS A and B, respectively, and are incorporated herein by reference.

30.     The term of the promissory note was one year and it became due and payable on July 30, 2008.

31.     On June 15, 2008, Crum foreclosed on his first trust deed on the subject property because Flying Emu had not made the payments due on that indebtedness.

32.     Plaintiff became aware of the foreclosure and contacted Nesbit for an explanation. Nesbit told plaintiff that it was just a misunderstanding, and Nesbit reassured plaintiff that the valuation and income information provided to her at the time Nesbit induced plaintiff to make the loan had been correct.

1   33.    Crum did in fact foreclose on the subject property as the holder of the first trust

2   deed, effectively extinguishing the security interest held by plaintiff in the subject property.

3   Nevertheless, the promissory note still entitles plaintiff to be repaid, with interest, by

4   defendants.

5   34.    Plaintiff has made demand on defendants to repay the promissory note and

6   defendants have refused to repay the debt.

7   **COUNT 1: BREACH OF CONTRACT AGAINST ALL DEFENDANTS**

8   35.    Plaintiff hereby realleges the allegations of paragraphs 1 through 34 and

9   incorporates them herein as if fully set forth at this point.

10   36.    Plaintiff and defendants entered into a valid contract wherein plaintiff agreed to

11   loan to the defendants the sum of $50,000.00 for the term of one year from July 30, 2007 to

12   July 30, 2008, with interest at the rate of 15% per annum. Said loan was to be secured by a

13   second trust deed on the subject property.  Defendants agreed to repay the loan, with interest.

14   37.    Plaintiff has performed all of the obligations and responsibilities under the contract

15   in that she did in fact loan the sum of $50,000.00 to the defendants and secured that debt with

16   a second trust deed on the subject property.

17   38.    Defendants have breached the contract by failing to repay the sum due, plus

18   interest, on the date the sum was due, and; by failing to protect the subject property from

19   foreclosure by failing to make payments on the first deed of trust.

20   39.    As a direct and proximate result of defendants' breach, plaintiff has been damaged

21   in the amount of $50,000.00, plus interest at 15% per annum.

22   **COUNT 2: FRAUD AND/OR DECEIT AGAINST ALL DEFENDANTS**

23   40.    Plaintiff hereby realleges the allegations of paragraphs 1 through 39 and

24   incorporates them herein as if fully set forth at this point.

25   41.    Nesbit, on behalf of Flying Emu, presented the subject property to plaintiff as a

26   sound investment in order to induce her to loan $50,000.00 to the defendants.  Nesbit

27   represented to plaintiff that the subject property had sufficient rental income to cover both the

28   first and second trust deeds, and would appreciate in value.

7

740663v1

1    42.    When Nesbit made these representations, they were in fact false, and Nesbit knew

2    them to be false.  Further, Nesbit made these false representations with the intent to induce

3    plaintiff to loan the sum of $50,000.00 to the defendants.  Langemeier and Mason-Allaun

4    consented to and/or ratified the false representations made by Nesbit in order to secure the loan

5    from plaintiff.

6    43.    The true facts were that the subject property did not generate sufficient rental

7    income to make the payments on the first deed of trust, its value was less than that represented

8    to plaintiff and it did not appreciate in value.

9    44.    Based on Nesbit's false representations, plaintiff did in fact loan the sum of

10    $50,000.00 to the defendants, which sum defendants have failed to repay.

11    45.    Had plaintiff known the true facts, she would not have loaned the money to the

12    defendants.

13    46.    As a direct and proximate result of defendants' fraud, plaintiff has not only suffered

14    the loss of $50,000.00, plus interest at the rate of 15% per annum, but has also suffered and

15    will continue to suffer severe emotional distress.

16    47.    As a direct and proximate result of the fraudulent misrepresentations of the

17    defendants, plaintiff incurred special damages in the amount of $50,000.00, plus interest at the

18    rate of 15% per annum and general damages for emotional distress in an amount of at least

19    $100,000.00, to be proven at the time of trial.

20    48.    Defendants, in doing the things alleged herein, acted with malice, oppression and

21    fraud, with a conscious disregard for the rights of the plaintiff, subjecting them to punitive

22    damages.

23    **WHEREFORE,** Plaintiff prays for relief as follows:

24    **COUNT 1:**

25    1.    For damages in the amount of $50,000.00, plus interest at the rate of 15% per annum

26          from July 30, 2007;

27    / / /

28    / / /

740663v1

**COUNT 2:**

2. For special damages in the amount of $50,000.00, plus interest at the rate of 15% per annum from July 30, 2007;

3. For general damages in the amount of at least $100,000.00 in an amount to be proven at the time of trial;

4. For punitive damages of at least $350,000.00, to be established at trial in order to punish the defendants and to deter them and others from engaging in the same or similar bad acts;

**ON ALL COUNTS:**

5. For an order adjudicating that Flying Emu, LLC is the alter ego of the defendants, and each of them; that the defendants are personally liable for the acts of Flying Emu, LLC, and; that judgment be entered against each defendant, individually;

6. For costs of suit herein, and;

7. For such other relief as the court may grant.

Dated: 2/17_____, 2010                     EPSTEN GRINNELL & HOWELL, APC

                                            By: _____
                                            Rian W. Jones, Esq.
                                            Lori F. Chotiner, Esq.
                                            Attorneys for Plaintiff, Susan Trindle dba
                                            Xolo Properties, LLC, a California Limited
                                            Liability Corporation

740663v1

**EXHIBIT "A"**

## NOTE SECURED BY REAL ESTATE

**$50,000 Brunswick, Georgia,   30th day of July, 2007**

FOR VALUE RECEIVED, Flying Emu, LLC  promise to pay to the order of Xolo Properties, LLC. the principal sum of Fifty Thousand and no/100ths ($50,000) DOLLARS.  In legal tender of the United States, with interest thereon from date at the rate of Fifteen (15%) per centum per annum, on the unpaid balance until paid, in One installment, as follows:

Principal and all accrued interest are due and payable in one installment on July 30, 2008

Principal and interest are payable at : 31878 del Obispo #118-437, San Juan Capistrano, CA 92675 or at such other place as the holder hereof may designate in writing.

Should any installment not be paid when due, or should the maker, or makers, hereof fail to comply with any of the terms or requirements of a security deed of even date herewith, conveying title to real property located at 715 Reynolds Street, Brunswick, Glynn County, Georgia as security for this indebtedness, the entire unpaid principal sum evidenced by this note,  with all accrued interest, shall, at the option of the holder, and without notice to the undersigned, become due and may be collected forthwith, time being of the essence of this contract.  It is further agreed that failure of the holder to exercise this right of accelerating the maturity of the debt, or indulgence granted from time to time, shall in no event be considered as a waiver of such right of acceleration or estop the holder from exercising such right.

In case this note is collected by law, as through an attorney at law, all costs of collection, including fifteen per centum (15%) of the principal and interest as attorney's fees, shall be paid by the maker hereof.

And each of us, whether maker, endorser, guarantor, or surety, hereby severally waives and renounces, for himself and family, any and all exemption rights either of us, or the family of either of us, may have under or by virtue of the Constitution or laws of Georgia, or any other State, or the United States, as against  this debt or any renewal thereof; and each further waives demand, protest and notice of demand, protest and non-payment.

In case of default in the payment of any one of the aforesaid installments, and in case the holder of this note should elect, on account of such default, to declare the unpaid balance of the principal sum due and payable, said principal sum, or so much thereof as may remain unpaid at the time of such default, shall bear interest at the rate of Fifteen per centum (15%) per annum from the date of such default.

This contract is to be construed in all respects and enforced according to the laws of the State of Georgia.

**Prepayment Privilege :**  The Grantor reserves the right to prepay at any time without penalty.

WITNESS Our Hand (s) and Seal (s)

Flying Emu, LLC.

By: _____
Kathryn Nesbit, Agent                                  (Seal)

# EXHIBIT A

**EXHIBIT "B"**

Book 2292 Page 461, Filed and Recorded 08/28/2007 at 09:13:13 AM
CFN #632007015762    Lola ᵐsky Clerk of Superior Court ⁿⁿⁿⁿⁿⁿ County, GA

Return to:
Westmoreland, Patterson, Moseley & Hinson
P.O. Box 1797
Macon, GA 31202-1797

## LAW OFFICES
### WESTMORELAND, PATTERSON, MOSELEY & HINSON
### MACON, GEORGIA

**STATE OF GEORGIA, GLYNN COUNTY,**

IN CONSIDERATION OF Fifty Thousand and no/100ths — Dollars, receipt of which is hereby acknowledged, Flying Emu, LLC. of P.O. Box 24248, St. Simons, Island, Georgia 31522, hereinafter referred to as Grantor, has this day bargained and sold and does hereby transfer and convey unto Xole Properties, LLC, 31878 del Obispo #118-437, San Juan Capistrano, CA 92675, its successors, heirs, executors, administrators and assigns, hereinafter referred to as Grantee, the following described property, to-wit:

All of that certain lot, tract or parcel of land situate, lying and being in the City of Brunswick, Glynn County, Georgia, described and identified according to the well-known maps and the plan of said City as the Eastern Eighty Feet (80') of Old Town Lot Number 171, and being more particularly described as follows, to wit: Commencing at a point on the westerly line of Reynolds Street distant 180 feet southerly (measured along said westerly line of Reynolds Street) from the point of intersection of the southerly line of Albemarle Street with said westerly line of Reynolds Street, and from said beginning point continuing in a southerly direction along said westerly line of Reynolds Street for a distance of 90 feet; thence in a westerly direction and along a line parallel to said southerly line of Albemarle Street for a distance of 80 feet; thence in a northerly direction and along a line parallel to said westerly line of Reynolds Street for a distance of 90 feet; thence in an easterly direction and along a line parallel to said southerly line of Albemarle Street for a distance of 80 feet to the point of beginning. Reference is hereby made to said maps and plans and to the record thereof for further purposes of description and identification of said real property and for all other purposes. This property is further known as 715 Reynolds Street, Brunswick, Glynn County, Georgia.

This is the same property as that conveyed to the Flying Emu, LLC by Deed of record in Deed Book 1458, Page 225, Clerk's Office, Glynn Superior Court.

The parties hereto intend to establish a perpetual or indefinite security interest in the real property hereby conveyed pursuant to the provisions the Official Code of Georgia Annotated section 44-14-80.

This conveyance includes all buildings, structures and improvements now or hereafter situated on the hereinabove described property, together with all furnishing, furniture, fixtures, machinery, equipment, appliances, heating, ventilating and air conditioning units and equipment, pipes, wires and plumbing (including water heaters and tanks) now or hereafter situated thereon, and further includes all presently or hereafter existing rents, issues, profits and revenues of the property from time to time accruing, reserving only the right to Grantor to collect the same so long as Grantor is not in default hereunder.

Grantee, the successor, heirs, executors, administrators and assigns of Grantee, to have and to hold said property and its appurtenances forever in Fee Simple.

Grantor covenants that he is lawfully seized and possessed of said described property, and has a good title thereto, and right to convey same and that same is unencumbered except as hereinbefore expressly set forth.

Grantor warrants the title to said described property unto Grantee and unto the successors, heirs, executors, administrators and assigns of Grantee, against the lawful claims of all persons whomsoever.

This conveyance is intended to operate as provided in Title 44, Chapter 14, Article 3 of the Official Code of Georgia Annotated in regard to the sale of property to secure debts, and to pass the title to the property described unto Grantee, the debt hereby secured being **One Note of Even date herewith in the original principal balance of $50,000.00 containing interest as set out therein all due and payable on July, 30, 2008** together with all extensions and renewals thereof in whole or part, whether evidenced by new note, extension agreement or otherwise, and together also with the other obligations herein described or referred to.

# EXHIBIT B  1

This instrument shall further secure any and all amounts which by contract Grantor hereafter becomes indebted to Grantee prior to the payment of the last maturing installment of the above described debt or any extension or renewal thereof.

The debt hereby secured shall become due and payable, at the option of the Grantee, upon the occurrence of any one or more of the following events without the prior written consent of Grantee herein, its successors or assigns: (1) the sale or conveyance of any part of the property hereby conveyed or any interest therein, (2) the execution of a contract for the sale of any part of the property or any interest therein accompanied by or following by delivery of possession of the property to the purchaser or a nominee of the purchaser, (3) the grant of a leasehold interest for a period of more than three years from the date of the grant, (4) the grant of a leasehold interest for any period of time by document which also grants an option to purchase, or (5) the grant of an option to purchase for a period in excess of six months or renewable at the option of the optionee for a period extending more than six months beyond the date of the option.

Should this deed be inferior to the lien of any other security instrument or instruments, or should it hereafter be subordinated to the lien of any other security instrument or instruments, any default by Grantor in the payment of the indebtedness secured by such other instrument or instruments or any default by Grantor in any of the terms and conditions of such other instrument or instruments, shall give the Grantee herein, its successors and assigns, the right to declare immediately due and payable the entire indebtedness hereby secured.

And Grantee shall be subrogated to all rights and liens of any person whose charge or lien shall be paid off out of proceeds of the indebtedness above described.

Grantor agrees to keep said personal property and fixtures and all improvements now or hereafter erected on said land in good condition and repair and not to commit or permit waste; to promptly pay as same become due all taxes and assessments that may be liens on property covered hereby and to furnish Grantee, if demanded, evidence of such payment; and to keep all said property and improvements fully insured against fire and storm, and against war risk if demanded, for the benefit of Grantee in such manner, amounts and companies as may be satisfactory to Grantee, and promptly deliver polices of such insurance and renewals thereof, to Grantee, with evidence of payment of premiums.

In the event Grantor, his personal representatives or assigns, shall fail to pay any taxes or assessments that may be liens upon said property, or shall fail to deliver to Grantee policies of insurance and renewals thereof with evidence of payment of premiums thereon, or shall fail to make timely payments on all sums secured by any prior conveyance to secure debt, or shall allow default to occur under the terms and conditions of such prior conveyance to secure debt, then Grantee or the holder of this deed may pay such unpaid taxes and assessments, or may have such insurance written and pay the premiums thereof, or may make the payments on the sums secured by the prior conveyance to secure debt, or may advance the necessary sum to cure any default under the terms and conditions of such prior conveyance to secure debt; and all amounts so paid, with interest at the maximum rate then permitted by law for debt secured by conveyances of realty (and if there is no such maximum rate then with interest at the interest rate payable on the obligation secured hereby), shall be secured by this deed and shall be repaid to the holder of this deed within ten (10) days after such payment, and all of this irrespective of whether or not a sale of the property has been made by Grantor or a junior lien created by or against Grantor thereon and notice of such sale or lien given to Grantee.

And should the Grantee receive any money for damages covered by insurance, such money may be retained and applied toward the payment of any amount hereby secured or may be paid over, either wholly or in part, to the said Grantor to enable Grantor to repair or replace improvements, or for any other purpose, without affecting the lien of this deed for the full amount secured hereby before such damage or such payment over took place.

Should any tax be imposed on this instrument or on this indebtedness secured hereby, or should any amount secured hereby or interest thereon, or any insurance premiums, taxes or assessments not be paid when due, or upon the actual or threatened demolition or removal of any property covered by this deed or of any improvements now or hereafter erected on premises covered hereby, or in case of default in the due observance of any convenant herein by Grantor, all amounts secured hereby shall, at the option of Grantee, at once become due and payable, time being of the essence of the contract.

Whenever the debt secured hereby or any part hereof shall be in default, either according to the tenor of any note or by virtue of any condition herein, Grantee, the agents or legal representative of Grantee, may enter upon and take possession of said property, and collect the rents and profits thereof and apply the same to the payment of any indebtedness secured hereby.

And furthermore, in case of default, and whether or not possession be taken, Grantee, the agent or legal representative of Grantee, or the Sheriff of the county in which said property or any part thereof is located may, and is hereby authorized to, sell before the Courthouse door in the County in which such property or any part thereof is located, to the highest bidder for cash, all or any part of such property, in one or more sales (the power of sale herein contained not to be exhausted until all of such property has been sold), after advertising the time, place and terms of sale in any newspaper published in said County once a week for four weeks, with the right in Grantee, the agent or legal representative of Grantee, to become the purchaser at such sale, the proceeds of said sale to be applied, first, to the payment for all amounts secured hereby with interest, all unpaid assessments and taxes, and expenses of sale, and any remainder to be paid to Grantor, the agent or legal representative or assignee of Grantor.

Grantee, the agent or legal representative of such party, or the Sheriff aforesaid, is authorized to make to any purchaser of said property fee simple title to the same, thereby divesting out of the Grantor all right, title and equity that said party has, or may hereafter have, in and to said property, and vesting the same in the purchaser thereof; and the purchaser may enter upon the premises and take possession of all improvements thereon and property herein conveyed and dispossess Grantor and any and all persons in possession under Grantor agreeing that possession will be surrendered without let or hindrance of any kind.

## EXHIBIT B    2

Book 2292 Page 463

And Grantee upon complaint filed or other legal proceeding being commenced to realize on the security afforded by this deed may apply for and shall as a matter of right and without consideration of the value of the property conveyed as security for the amounts due Grantee or of the solvency of any person or persons obligated for the payment of such amounts and without notice, be entitled to the appointment by any competent court of a receiver to take charge of and hold the property hereby conveyed and the rents, issues and profits thereof, for the benefit of Grantee.

Wherever the word "Grantor" is used herein the same shall be construed to include, when appropriate, either gender and both singular and plural, as shall also the pronouns used herein, which are applicable thereto, and the grammatical construction of sentences shall conform thereto.

Any transferee hereof, his agent or legal representative, shall have all the rights, powers, privileges and options hereby vested in Grantee; and any successor to Grantor in title to the property hereby conveyed shall be charged with the performance of all covenants made by Grantor herein, and shall be responsible for all duties and obligations herein imposed on Grantor.

But the foregoing powers for realizing on this security are cumulative only of the remedies to which Grantee and the successors and assigns of Grantee, may be entitled under the laws of Georgia.

WITNESS THE HAND AND SEAL OF GRANTOR, this 30th day of July, 2007.

Signed, sealed and delivered in presence of:

Flying Eafu, LLC.

By: _____
Kathryn Nesbit, Manager

_____
Unofficial Witness

Wanda P. Kimsey
Notary Public, State of Georgia
Commission Expires:

Notary Public, Glynn County, Georgia
My Commission Expires December 22, 2008

(Affix Notary Seal)

FOR SATISFACTION ONLY:

Georgia, Glynn County

The debt secured by the within instrument having been paid in full, the Clerk of the Superior Court where the same is recorded is hereby authorized to mark the same satisfied of record.

Dated this _____ day of _____, _____.

_____

Printed Name: _____

EXHIBIT B    3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

*Second Amended* CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Susan Trindle dba Xolo Properties, LLC, a California Limited Liability Corporation | Flying Emu, LLC, a California Limited Liability Company, Kathryn Nesbit dba Kat Nesbit, an individual, Loral Langemeier, an individual, Melinda Mason-Allaun, an individual, BHAG@EARTHCORP, LLC, Georgia Limited Liability Corporation PSP Real Estate Investments, LLC, a Nevada Limited Liability Corporation and Pangea Properties, LLC, a Florida Limited Liability Company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Rian W. Jones, Esq. (SBN 118830)/Lori Choitner, Esq. (SBN 184990) EPSTEIN GRINNELL & HOWELL 9980 Carroll Canyon Road, Suite 200 San Diego, CA 92131 | Todd Benoff Alston & Bird, LLP 333 South Hope Street, 16th Floor Los Angeles, CA 90071-1410 Attorney for Defendant Loral Langemeier |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ 500,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY / TORTS - PERSONAL INJURY | TORTS - PERSONAL PROPERTY / PRISONER PETITIONS | FORFEITURE / PENALTY / LABOR | LABOR / PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |  |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |  |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |  |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |  |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |  |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |  |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 610 Agriculture | PROPERTY RIGHTS |  |
| ☐ 490 Cable/Sat TV |  | ☐ 355 Motor Vehicle Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☒ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 442 Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 443 Housing/Accommodations | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 444 Welfare | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities - Employment | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **SACV09-325 AG (MLGx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Susan Trindle dba Xolo Properties, LLC, a California Limited Liability Corporation - ORANGE COUNTY | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Flying Emu, LLC, a Georgia Limited Liability Company (Please see Attachment) | Georgia |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _Richard Jones_        Date  March 10, 2010

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
FIRST AMENDED CIVIL COVER SHEET – ATTACHMENT**

IV.    **VENUE**

| | | |
|---|---|---|
| (c) | Kathryn Nesbit aka Kat Nesbit, an individual | Georgia |
| | Loral Langemeier, an individual | Nevada |
| | Melinda Mason-Allaun, an individual | Florida |
| | BHAG@EARTHCORP, LLC, a Georgia Limited Liability Company | Georgia |
| | PSP Real Estate Investments, LLC, a Nevada Limited Liability Company | Nevada |
| | Pangea Properties, LLC, a Florida Limited Liability Company | Florida |